```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


ERCELL MANUEL,                      :

     Petitioner,                    :

v.                                  :    CIVIL ACTION 06-0255-BH-M

WILLIE THOMAS,                      :

     Respondent.                    :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Ercell Manuel on all claims.

Petitioner was convicted of first degree murder on November 6, 1998, in the Mobile County Circuit Court for which he received a life sentence in the State penitentiary (Doc. 1, pp. 1-2). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 12, Exhibit 1B); Manuel did not see *certiorari* in the Alabama Supreme Court (*see*

Doc. 12, p. 2). The Alabama Court of Criminal Appeals issued a Certificate of Judgment on July 27, 1999 (Doc. 12, Exhibit 1D).

On October 10, 2000, Petitioner filed a State Rule 32 petition which was denied, a decision which was affirmed by the Alabama Court of Criminal Appeals on March 15, 2002 (Doc. 12, Exhibit 2A). On June 14, 2002, the Alabama Supreme Court denied Manuel's petition for writ of *certiorari* and entered a Certificate of Judgment (Doc. 12, Exhibit 2B). On August 7, 2002, Petitioner filed a second State Rule 32 petition which was dismissed; the Alabama Court of Criminal Appeals dismissed the appeal as untimely and entered a Certificate of Judgment on January 21, 2003 (Doc. 12, Exhibit 2E).

Manuel filed a federal habeas petition in this Court on February 4, 2003 (*see* Doc. 12, pp. 3-4). That petition was ultimately dismissed as time-barred, on August 31, 2004, by Chief U.S. District Court Judge Callie V.S. Granade under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244 (Doc. 12, Exhibits 3A, 3B). *Manuel v. Ferrell*, Civil Action 03-0134-CG-L (S.D. Ala. August 31, 2004).

Petitioner filed a second habeas petition with this Court on April 24, 2006, raising the claims that he received ineffective assistance of counsel and that the prosecution failed to disclose evidence which was favorable to him (Doc. 1).

Respondent has argued that this action should be dismissed

2

because this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as Manuel has previously filed a federal habeas petition (Doc. 12, pp. 4-5). Respondent further asserts that this petition should be dismissed as it is successive (Doc. 12, pp. 4-5). The statute to which Respondent refers states the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court first notes that Petitioner did not answer questions regarding a previous federal habeas petition in completing this habeas petition (Doc. 1, p. 9-10, ¶ 14). However, he now admits to the first petition in a reply to Respondent's Answer (Doc. 16). In any event, as noted previously, Court records indicate that Manuel's first petition in this Court was dismissed as time-barred. *Manuel v. Ferrell*, Civil Action 03-0134-CG-L (S.D. Ala. August 31, 2004).

Because Petitioner filed his second habeas petition here, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it. It is of no moment that Plaintiff states that he is actually innocent of the conviction (Doc. 16).

Therefore, it is recommended that this habeas petition be

3

dismissed as this Court does not have jurisdiction to review it.[1]

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the

---

[1] The Court notes that Respondent has also claimed that this petition is barred under the provisions of AEDPA and that the claims are procedurally defaulted (Doc. 12, pp. 5-6).  However, because this Court does not have jurisdiction to review the claims brought in this petition, the Court, likewise, has no jurisdiction to review the defenses to those claims.

4

objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 15th day of August, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE